UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14cv220-FDW

| | |
|---|---|
| JOHN D. LEATHERWOOD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FRANK L. PERRY,[1] ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner John D. Leatherwood's pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Also before the Court are Respondent's Motion for Summary Judgment (Doc. No. 15), Petitioner's Motion to Compel (Doc. No. 21), and Petitioner's Motion to Produce Documents (Doc. No. 22).

**I.  BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who was convicted by a jury in Haywood County Superior Court of one count of obtaining property by false pretenses and one count of attempting to obtain property by false pretenses. State v. Leatherwood, 587 S.E.2d 682, 2003 WL 22289858 at *1 (N.C. Ct. App. Oct. 7, 2003) (unpublished). Petitioner then stipulated to having attained the status of habitual felon in each case. Id. On March 25, 2002, the trial court sentenced Petitioner as an habitual felon to concurrent active sentences of 138-175 months.

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a Petition for Writ of Habeas Corpus name the person who has immediate custody of the petitioner as the respondent in the action. Rule 2(a), 28 U.S.C. folio § 2254. Petitioner originally named the North Carolina Department of Public Safety ("NCDPS") Department of Adult Corrections as Respondent. Frank L. Perry is the Secretary of the NCDPS. As such, he is the proper respondent. Consistent with Rule 2(a) of the Rules Governing Section 2254 Cases Frank L. Perry now appears as Respondent.

1

(J. and Commitment 48-51, Doc. No. 1-2.)[2]  At the time, Petitioner was serving an active term of imprisonment in South Carolina.  (Sentencing Sheet 15, Doc. No. 1-1.)

The North Carolina Court of Appeals affirmed Petitioner's convictions on direct appeal but remanded the case "for a new sentencing hearing to properly determine [Petitioner's] prior record level." Leatherwood, 2003 WL 22289858 at *4.  On May 12, 2004, after his prior record level had been correctly determined, Petitioner was sentenced again to concurrent active sentences of 138-175 months.  (Am. J. and Commitment 37-38, 43-44, Doc. No. 1-1.)  The North Carolina Court of Appeals affirmed the trial court's judgment after resentencing.  State v. Leatherwood, 615 S.E.2d 435, 2005 WL 1772433 (N.C. Ct. App. July 5, 2005) (unpublished). At the time of his resentencing, Petitioner was still serving an active term of imprisonment in South Carolina.  (Sentencing Sheet 15, Doc. No. 1-1.)

On July 24, 2008, Petitioner filed a pro se motion for appropriate relief ("MAR1") in Haywood County Superior Court; it was denied on January 16, 2009.  (Order Den. MAR 23, Doc. No. 1-1.)  Petitioner filed a pro se certiorari petition in the state court of appeals, which was denied on February 9, 2009.  (Order Den. Cert. Pet., Resp't's Ex. 10, Doc. No. 16-11.)

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on March 31, 2009.  See Leatherwood v. Perry, 1:09cv130-GCM, (W.D.N.C. April 6, 2009).  It was dismissed on April 6, 2009 as untimely under the applicable statute of limitations. See id. at Doc. No. 2.  Petitioner did not appeal the Court's decision.

---

[2] Unless otherwise noted, page numbers in citations to documents filed in this case are those generated by the district court's electronic filing system.

Petitioner filed a second pro se MAR in Haywood County Superior Court on November 29, 2012. (Order Den. 2nd MAR 24, Doc. No. 1-1.) It was denied on the merits on December 12, 2012. (Order Den. 2nd MAR, supra, at 26.) Petitioner does not appear to have sought appellate review of the state court's denial of his second MAR.

On or about May 30, 2013, Petitioner's sentence for his conviction in South Carolina expired, and he was transported to North Carolina to begin serving the sentences imposed in 2004. N. C. Dep't of Pub. Safety Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/ offendersearch.do?method=view (last visited Aug. 6, 2015). On January 16, 2014, Petitioner filed a third pro se MAR in Haywood County Superior Court, which was denied January 27, 2014. (Order Den. 3rd MAR 29, Doc. No. 1-1.)[3] Petitioner filed a pro se certiorari petition in the state court of appeals on March 14, 2014, seeking review of the January 27, 2014 Order denying his third MAR. (Order Den. Cert. Pet. 56, Doc. No. 1-1.) The petition was denied on April 1, 2014. (Order Den. Cert. Pet., supra.)

Petitioner signed and placed the instant habeas petition in the prison mailbox on August 14, 2014. (Pet. 97, Doc. No. 1-1.) It was filed in this Court on August 21, 2014. (Pet. 1, Doc. No. 1.) After conducting an initial review of the Petition and attached documents, the Court ordered Respondent to respond to the Petition. (Doc. No. 8.) On January 30, 2015, Respondent filed a Response (Doc. No. 14) and a Motion for Summary Judgment (Doc. No. 15). Petitioner filed a Response to the Motion for Summary Judgment (Doc. No. 18), two affidavits (Doc. Nos.

---

[3] The state court's Order mistakenly refers to the MAR filed on January 16, 2014 as the second MAR, and the MAR filed on November 29, 2012 as the first MAR. (Order Den. 3rd MAR 29, Doc. No. 1-1.)

19-20), a Motion to Compel (Doc. No. 21), and a Motion to Produce Documents (Doc. No. 22). These matters are now ripe for review.

**II.     STANDARD OF REVIEW**

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).  Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986).  Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

**III.    DISCUSSION**

Petitioner claims that the North Carolina Department of Public Safety ("NCDPS") has miscalculated the expiration date of his North Carolina criminal sentences.  Petitioner contends that the habitual felon sentences imposed on March 25, 2002 were run concurrent with, not consecutive to, the sentence he was serving in South Carolina at the time.  Thus, Petitioner argues, he is entitled to credit for all of the time he was in custody in South Carolina from March 25, 2002 through May 30, 2013, in addition to 72 days of credit earned prior to March 25, 2002 while he was in custody in North Carolina awaiting trial on the false pretenses and habitual felon charges.  If he were credited with all of the time to which he claims entitlement, Petitioner's North Carolina sentences would expire in 2016.  The NCDPS, however, calculates Petitioner's expected release date as February 9, 2025.  N. C. Dep't of Pub. Safety Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/arch.do?methodoffenderse =view (last visited Aug. 6, 2015).

4

Respondent contends that the NCDPS calculation is correct. According to Respondent, Petitioner's habitual felon sentences were run consecutive to, not concurrent with, the South Carolina sentence. Consequently, Petitioner began serving his North Carolina sentences on May 30, 2013, when his South Carolina sentence expired, not March 25, 2002, as he believed.[4]

Petitioner also claims that his May 12, 2004 sentences violate the Eighth Amendment ban against cruel and unusual punishment, the Double Jeopardy Clause, the Equal Protection Clause, and the Due Process Clause. These claims also stem from Petitioner's contention that the sentences imposed in 2002 were to run concurrent with, and not consecutive to, the sentence he was serving in South Carolina.

As noted, Petitioner's 2002 convictions were upheld on direct appeal, but his case was remanded for a proper determination of his prior record level. Leatherwood, 2003 WL 22289858 at *4. On May 12, 2004, after his prior record level had been correctly determined, Petitioner was sentenced again to two concurrent active sentences of 138-175 months. (Am. J. and Commitment 37-38, 43-44, Doc. No. 1-1.) All other conditions of the original judgments were maintained, except that Petitioner was credited with 72 days of pre-trial confinement. (Am. J. and Commitment, supra.)

Petitioner argues that he was entitled to credit against his North Carolina sentences for all of the time that he was incarcerated in South Carolina between his March 25, 2002 sentence and his May 12, 2004 resentencing in North Carolina. He claims that the May 12, 2004 resentencing court unconstitutionally lengthened his sentence by imposing the same sentence as that imposed

---

[4] There is no disagreement between the parties that the North Carolina habitual felon sentences were run current to each other. Nor is there disagreement that Petitioner is entitled to credit for 72 days of pre-trial confinement, as ordered by the 2004 resentencing court (Am. J. and Commitment 37-38, 43-44, Doc. No. 1-1).

on March 25, 2002 without giving him credit for the time he spent in custody between March 25, 2002 and May 12, 2004.

Respondent contends that this Court does not have jurisdiction to consider the instant Petition because it is an unauthorized second or successive § 2254 petition.[5] The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 provides for an express limitation on a petitioner's ability to attack his criminal judgment in a subsequent collateral proceeding. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

As noted, Petitioner has filed a prior § 2254 habeas petition challenging his 2004 sentences. (Doc. No.1, 1:09cv130-GCM.) His previous habeas petition was dismissed as untimely under the federal statute of limitations. (Doc. No. 2, 1:09cv130-GCM) A dismissal of a habeas petition as time-barred is a decision on the merits and any subsequent habeas petition challenging the same conviction or sentence is 'second or successive' for purposes of 28 U.S.C. § 2244(b). See In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); Quezada v. Smith, 624 F.3d 514, 519–20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for

---

[5] An argument can be made that at least one of Petitioner's claims challenges the *execution*, as opposed to the validity, of his North Carolina sentences. Petitioner claims that the NCDPS has failed to credit him 72 days for pretrial confinement as ordered by the 2004 resentencing court (Am. J. and Commit. 37-38, 43-44, Doc. No. 1-1). The Fourth Circuit has recognized that Circuit Courts are split on whether 28 U.S.C. § 2241 or § 2254 is the proper statute under which a state inmate challenging the execution of his State Court sentence should proceed. See Gregory v. Coleman, 218 Fed. Appx. 266 (4th Cir. 2007) (unpublished). This Court need not make a determination regarding whether this particular claim by Petitioner is more properly brought pursuant to § 2241, as both § 2241 and § 2254 require exhaustion of available state remedies. See 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490–491 (1973) (exhaustion required under 28 U.S.C. § 2241); Picard v. Connor, 404 U.S. 270 (1971). While it appears that Petitioner has exhausted his claims related to sentencing credit from March 25, 2002 forward, it is not clear that he has exhausted his available state remedies related to credit for pre-March 25, 2002 custody.

failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted); In re Flowers, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam) (deciding that when first § 2254 petition was dismissed as time-barred, later petition is successive); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); Altman v. Benik, 337 F.3d 764, 765 (7th Cir. 2003) (per curiam) (holding that "previous untimely petition does count as a prior application under § 2244(b)").

Petitioner has not shown that he has obtained the necessary permission from the Fourth Circuit to file a successive petition. Accordingly, this petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

**IV:  CONCLUSION**

For the reasons stated herein, the Court finds that the present § 2254 petition should be dismissed without prejudice as an unauthorized, successive § 2254 petition. Furthermore, Petitioner's motions to produce documents and to compel Respondent to respond to the demand for documents, shall be denied as Petitioner has not demonstrated "good cause" for entitlement

7

to discovery of the documents he requests. Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts , 28 U.S.C. folio § 2254.

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** without prejudice as an unauthorized, successive § 2254 petition;

2) Respondent's Motion for Summary Judgment (Doc. No. 15) is **GRANTED**;

3) Petitioner's Motion to Compel (Doc. No. 21) is **DENIED**;

4) Petitioner's Motion to Produce Documents (Doc. No. 22) is **DENIED**; and

5) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: August 12, 2015

Frank D. Whitney
Chief United States District Judge